## CINCINNATI (city) v SOMAGYI

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5748. Decided March 11, 1940.

John D. Ellis, Cincinnati, and James F Conway, Jr., Cincinnati, for appellee.
C. R. Beirne, Cincinnati, for appellant.

## OPINION

By ROSS, J.

The defendant was convicted in the Municipal Court of Cincinnati upon an affidavit, charging that he being in control "of a certain motor vehicle to-wit Cross Town Street Car" did "then and there unlawfully fail to drive said vehicle in a careful manner and with due regard for the safety and rights of pedestrians, drivers, and occupants of other vehicles and so as to endanger the life, limb, and property of certain persons, to-wit:_____he the said _____being then and there lawfully upon the street of said city."

The defendant was found guilty and sentenced on November 22nd, 1939. The affidavit was filed November 25th, 1939. Motion for a new trial was filed November 25th, 1939, and overruled November 27th, 1939. Notice of appeal was filed November 27th, 1939.

No comment being made by the defendant as to the irregularities noted,

we pass on to the complaints, first, that the judgment of the Municipal Court is not sustained by the evidence, and, second, that the ordinances of the City do not provide for the charge involved against the operator of a street car.

We consider these in the reverse order.

The ordinance under which the affidavit is drawn (74-56) reads as follows:

"Sec. 74-56. It shall be unlawful to operate a motor vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles; or so as to endanger the life, limb, or property of any persons while lawfully using the highways."

The predecessor of this ordinance (74-53) of which 74-56 is an amendment read:

"Sec. 74-53. Careful Driving Defined. Vehicles and street cars shall be driven in a careful manner by the driver or operator thereof with due consideration for the safety and rights of pedestrians and drivers and occupants of other vehicles, and street cars and so as not to endanger the life, limb, or property of any persons lawfully upon the highways or streets of said city."

Other ordinances applying to speed alone have been amended, but the reference to street cars has not been deleted.

Other ordinances still apply to street cars and vehicles, as was the case of the original section.

The city justifies the prosecution under a general ordinance, §74-2, from which it quotes:

"The provisions of this chapter are intended to apply to all traffic and to all operators not specifically excepted, and nothing in this chapter shall be construed to exempt from its provisions and penalties either . . . . (enumerated exceptions not applicable) . . . All provisions by their terms applying to vehicles shall, so far as practicable, apply to street cars, and to led, ridden and herded animals * * *"

In addition to what has been said above by the defendant, he also urges that §74-56 has no application, because of the definition of motor vehicle and vehicle. Sec. 74-1a-12 defines a motor vehicle as "any self-propelled vehicle", §74-1a-11 defines vehicle as any "device not designated for operation upon fixed tracks or rails."

The city waives aside the reference to vehicles and focuses its attention upon the term "operator" thus bringing into effect the general ordinance section 74-2, from which quotation has been made above.

In view of this state of the ordinances of the City of Cincinnati, we consider that it was not the intention of the City Council to cause the provisions of 74-56 to continue to apply to operators of street cars after the amendment of 74-53.

It is obvious that there must be a distinction between operators of automobiles and street cars as well as a difference between the vehicles themselves. The speed laws still apply—to street cars—and street cars are required by the existing ordinances to be operated in such a manner as to permit stopping them in the assured clear distance ahead.

A street car may be operated so as to cause damage in ways other than mere speed it is true. It may be caused to damage a vehicle by an almost imperceptible movement forward —or by turning a corner of a street.

If it is desired to reach such movements, then the ordinances should be specific.

Ordinances providing for the creation of crimes must be definite and specific and leave nothing to implication. In State v Meyers, 56 Oh St 340, the first paragraph of the syllabus is:

"A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to

be within the reason and spirit of the statute."

As to the second assignment of error—that the judgment is not sustained by sufficient evidence, we are also in accord with the defendant.

We do not find that the guilt of the defendant was established beyond a reasonable doubt. It is difficult to see from a reading of the record just what the operation of the street car could have done under the emergency presented.

For the reasons given, the judgment of the Municipal Court of Cincinnati is reversed, and judgment here entered in favor of the defendant who is dismissed.

HAMILTON, PJ. & MATTHEWS, J., concur.